UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U-BLOX AG, et al,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>INTERDIGITAL, INC., et al,<br><br>　　　　　　　　　　Defendants. | Case No.: 23-cv-0002-CAB-AHG<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO SEAL**<br><br>[Doc. No. 4] |

　　　This matter is before the Court on Plaintiffs' motion to file portions of the complaint under seal [Doc. No. 4]. For the following reasons, the motion to seal is **DENIED**.

　　　"[C]ompelling reasons must be shown to seal judicial records attached to a dispositive motion." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Settlement agreements are not to be sealed merely because the parties agreed to keep the terms confidential. *UCP Int'l Co. Ltd. v. Balsam Brands Inc.*, 252 F. Supp. 3d 828, 835 (N.D. Cal. 2017). In the present case, Plaintiffs argue that portions of the complaint should be sealed because they "agreed [with Defendants] they would maintain the confidentiality of the contract terms, the negotiation process, and would not disclose them to third parties." [Doc. No. 4 at 1]. However, the portions of the complaint Plaintiffs attempt to seal do not include any official negotiation records or confidential documents drafted between the Parties. The proposed redactions do not contain details specific enough

to support Plaintiffs' concerns regarding competitor advantage. Ultimately, Plaintiffs have not demonstrated a compelling enough reason to "rebut[] the presumption of public access." *Kamakana*, 447 F.3d at 1183.

Due to the foregoing, the motion to seal [Doc. No. 4] is hereby **DENIED**. Plaintiffs have until **February 13, 2023** to either file either an unredacted complaint or an amended complaint.

It is **SO ORDERED**.

Dated:  February 2, 2023

Hon. Cathy Ann Bencivengo
United States District Judge