Nicholas Mathews*
Richard A. Kamprath*
Blake Bailey*
James H. Smith*
Eliza Beeney*
nmathews@mckoolsmith.com
rkamprath@mckoolsmith.com
MCKOOL SMITH, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044
* *pro hac vice application forthcoming*

James J. Yukevich, Bar No. 159896
Nina J. Kim, Bar No. 251593
jyukevich@yukelaw.com
nkim@yuklaw.com
YUKEVICH CAVANAUGH LLP
501 West Broadway, Suite 806
San Diego, California 92101
Telephone: (619) 400-4872
Facsimile: (619) 400-4873

*Attorneys for Defendants InterDigital Inc., InterDigital Communications, Inc., InterDigital Technology Corp., InterDigital Patent Holdings, Inc., InterDigital Holdings, Inc., and IPR Licensing, Inc.*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U-BLOX AG, U-BLOX SAN DIEGO, INC., AND U-BLOX AMERICA, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>INTERDIGITAL, INC., INTERDIGITAL COMMUNICATIONS, INC., INTERDIGITAL TECHNOLOGY CORPORATION, INTERDIGITAL PATENT HOLDINGS, INC., INTERDIGITAL HOLDINGS, INC., AND IPR LICENSING, INC.,<br><br>Defendants. | CASE NO. 3:23-cv-00002 (CAB)<br><br>**UNOPPOSED MOTION FOR ORDER TO SEAL**<br><br><br>Judge: Hon. Cathy Ann Bencivengo<br>Courtroom: 4C |

Defendants (collectively, "InterDigital") hereby move pursuant to Civil Local Rule 79.2, Patent Local Rule 2.2, and the Court's Civil Case Procedures for an Order sealing the limited portions of the Complaint identified in Exhibit A. Mindful that the Court previously denied Plaintiffs' motion to seal, InterDigital requests that the Court seal only the very limited portions of the Complaint identified in InterDigital's Exhibit A, a fraction of the redactions proposed by Plaintiffs. InterDigital also makes this motion to proffer specific facts showing a "compelling reason" to limit access to the information identified by InterDigital, as the law requires.[1] Based on a similar showing, the Court previously granted the motion to seal similar information reflected in the complaint in prior litigation between the parties, *see u-blox v. InterDigital*, 19-CV-00001 (S.D. Cal.), Dkt. No. 10. For these reasons and those explained below, Defendants respectfully request that the Court grant their motion.

## I. **LEGAL STANDRD**

The long-standing presumption of maintaining public court records is strong, but rebuttable. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). To overcome this presumption, a party must articulate "compelling reasons supported by specific factual findings." *Id.* at 1178. While "a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records," the "compelling reasons" standard is met when "court files might have become a vehicle for improper purposes," such as to "gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (citing *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 & n. 7 (1978)).

Compelling reasons are determined on a case-by-case basis; however, the Supreme Court has instructed that "sources of business information that might harm

---

[1] The parties have conferred concerning this motion and the Court's order denying Plaintiffs' motion to seal, *see* Dkt. No. 4. Pursuant to the Court's order, Plaintiffs do not intend to file an amended complaint, but per agreement of the parties will file a public version of the Complaint once the Court has ruled on the present motion.

a litigant's competitive standing" may constitute a compelling reason to seal. *Nixon*, 435 U.S. at 598. In addition, courts in this District "will seal records containing detailed confidential business information where the parties articulate a concrete, non-speculative harm." *Grano v. Sodexo Mgmt.*, No. 3:18-CV-1818, 2022 U.S. Dist. LEXIS 146818, at *7 (S.D. Cal. Aug. 16, 2022); *see also In re Qualcomm Litig.*, No. 3:17-CV-0108, 2017 U.S. Dist. LEXIS 185481, at *8-9 (S.D. Cal. Nov. 8, 2017) ("Courts in this circuit have . . . recognized that information subject to confidentiality agreements may . . . meet the compelling reasons standard when accompanied by a particularized factual showing.").

## II.   ARGUMENT

InterDigital's request meets the "compelling reason" standard because the information identified in Exhibit A reflects confidential information that, if made public, would harm InterDigital's strategic standing and otherwise harm its licensing business. InterDigital's sealing request is also narrowly tailored and limited to paragraphs 102, 104-106, 114-115, 117-119, and 121 of the Complaint, and thus is mindful of the public's right of access.

The information reflected in Exhibit A contains the parties' confidential business discussions related to u-blox's request for a license to InterDigital's patents. The identified paragraphs discuss specific licensing provisions and InterDigital's supposed acceptance or rejection of those terms, specific licensing structures discussed by the parties, and specific numerical information related to the financial terms of the parties' prior license.

If this information were made public, it would cause harm to InterDigital. For example, if the information reflecting InterDigital's supposed preference for a certain royalty structure or acceptance of a specific license provision were made public, licensing counterparties would gain insight into InterDigital's licensing strategy and be able to use this information against InterDigital in subsequent negotiations. In addition, InterDigital has devoted considerable resources to developing its licensing

strategies, and if these strategies became public, InterDigital would lose the competitive edge that has resulted from its significant investments. Protecting against such harm is a compelling reason justifying the sealing of the information in Exhibit A. *See, e.g.*, *Pulse Elecs. v. U.D. Elec. Corp.*, 530 F. Supp. 3d 988, 1030–31 (S.D. Cal. 2021) (compelling reason to seal where information reflected a "source[] of business information that might harm a litigant's competitive standing"); *Monster Energy Co. v. Vital Pharm., Inc.*, No. 18-CV-1882, 2019 WL 3099711, at *2–3 (C.D. Cal. Jun. 17, 2019) (granting leave to file under seal non-public strategic and business-making information).

InterDigital would also be harmed by disclosure of the numerical information reflected in paragraphs 102 and 121. Although u-blox's Complaint does not state the specific financial terms of the parties' prior license, the numerical information provided is stated in relative terms. If this information were made public, third parties would be able to calculate the royalty rate in InterDigital's prior license with u-blox and how that rate differs from the rate offered by InterDigital to the third party. This is precisely the type of information that the Ninth Circuit has found appropriate to seal. *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (compelling reasons exist to seal "pricing terms, royalty rates, and guaranteed minimum payment terms" of a license agreement).

InterDigital would also likely suffer reputational harm if the identified information were made public. It is standard practice in the industry to conduct licensing negotiations confidentially. *See* Ex. B at ¶ 4. This is typically desired by both the licensee and licensor. *See id.* However, if the Complaint is made entirely public, licensees may be reticent to engage with InterDigital, fearing that the sensitive information they exchange with InterDigital subject to a non-disclosure agreement might be made public.

Finally, InterDigital respectfully requests that the Court grant its motion because it is narrowly tailored to request redaction of the highly confidential and

sensitive information reflected in Exhibit A, and that information only. Mindful of the general right to access and the Court's order denying u-blox's motion, InterDigital narrowly tailored its motion to request redaction of only the most sensitive and confidential information.

### III. CONCLUSION

For the foregoing reasons, InterDigital respectfully requests that the Court grant its motion to seal and order the proposed redactions of the Complaint, attached as Exhibit A.

DATED: February 10, 2023                YUKEVICH | CAVANAUGH

By:     */s/ James J. Yukevich*
        James J. Yukevich
        Nina J. Kim
        Attorneys for Defendants InterDigital Inc.,
        InterDigital Communications, Inc.,
        InterDigital Technology Corp., InterDigital
        Patent Holdings, Inc., InterDigital
        Holdings, Inc., and IPR Licensing, Inc.

**PROOF OF SERVICE**

**U-BLOX AG, et al. v. INTERDIGITAL, INC., et al**
**U.S.D.C. – SOUTHERN DISTRICT, Case No. 3:23-cv-00002 (CAB)**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 355 South Grand Avenue, Fifteenth Floor, Los Angeles, CA 90071-1560.

On February 10, 2023, I served true copies of the following document(s) described as **UNOPPOSED MOTION FOR ORDER TO SEAL** on the interested parties in this action as follows:

**SEE CM/ECF SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 10, 2023, at Los Angeles, California.

Deanna Castellanos