Nicholas Mathews*
Richard A. Kamprath*
Blake Bailey*
James H. Smith*
Eliza Beeney*
nmathews@mckoolsmith.com
rkamprath@mckoolsmith.com
MCKOOL SMITH, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
* pro hac vice application forthcoming

James J. Yukevich, Bar No. 159896
Nina J. Kim, Bar No. 251593
jyukevich@yukelaw.com
nkim@yuklaw.com
YUKEVICH CAVANAUGH LLP
501 West Broadway, Suite 806
San Diego, California 92101
Telephone: (619) 400-4872

Attorneys for Defendants InterDigital Inc.,
InterDigital Communications, Inc., InterDigital
Technology Corp., InterDigital Patent Holdings,
Inc., InterDigital Holdings, Inc., and IPR
Licensing, Inc.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U-BLOX AG, U-BLOX SAN DIEGO, INC., AND U-BLOX AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> INTERDIGITAL, INC., INTERDIGITAL COMMUNICATIONS, INC., INTERDIGITAL TECHNOLOGY CORPORATION, INTERDIGITAL PATENT HOLDINGS, INC., INTERDIGITAL HOLDINGS, INC., AND IPR LICENSING, INC., <br><br> Defendants. | CASE NO. 3:23-cv-00002 (CAB) <br><br> **DECLARATION OF STEPHEN J. AKERLEY IN SUPPORT OF UNOPPOSED MOTION FOR ORDER TO SEAL** |

I, Stephen J. Akerley, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am Vice President, Deputy General Counsel and Head of Intellectual Property and Litigation at InterDigital. I reside in Delaware and work at the Wilmington, Delaware office of InterDigital.

2. I make this declaration in support of InterDigital's Motion for an Order to Seal Portions of the Complaint filed in this case by u-blox. I have personal knowledge of the matters stated in this Declaration and would testify truthfully to them if called to do so.

3. InterDigital is a technology research and development company that provides wireless and video technologies, among other things.

4. InterDigital has invested significant time, money, and human capital in its patent licensing strategy. In part because of this investment, InterDigital has taken significant steps to maintain the confidentiality of its licensing discussions. This includes entering into mutual, bi-lateral, non-disclosure agreements with licensees, placing confidentiality markings on emails related to patent licensing and negotiations, declining to discuss or publicly reveal the terms of executed licenses (other than disclosures that may be required by the securities laws of the United States), and maintaining security software to prevent data breaches of sensitive information. InterDigital's licensees, in every instance of which I am aware, demand that their license agreements with InterDigital be protected by non-disclosure and confidentiality provisions.

5. Paragraphs 102, 104-06, 114-15, 117-19, and 121 of the Complaint contain statements relating to the discussions between the parties concerning u-blox's request for a license to InterDigital's patents. These paragraphs reflect confidential business information exchanged by the parties subject to a non-disclosure agreement. They also reflect the specific licensing terms that have been allegedly accepted or rejected by InterDigital in discussions with u-blox.

6. Paragraphs 102 and 121 of the Complaint contain statements relating to the specific monetary terms of the parties' prior license and/or the license that u-blox seeks from InterDigital. Although u-blox does not indicate the specific terms of these licenses, the monetary information provided by u-blox is stated in relative terms and thus could be used by a third party to determine the specific monetary terms of the prior license.

7. Public disclosure of the information contained in the above-mentioned paragraphs would cause harm to InterDigital. For example, if some licensing counterparties were able to access non-public information about the terms of InterDigital's licenses with other licensees and/or InterDigital's licensing strategy, this would put InterDigital and its other licensees at a competitive disadvantage.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed at Hockessin, Delaware this 10th day of February, 2023.

_____
Stephen J. Akerley

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 355 South Grand Avenue, Fifteenth Floor, Los Angeles, CA 90071-1560.

On February 10, 2023, I served true copies of the following document(s) described as **DECLARATION OF STEPHEN J. AKERLEY IN SUPPORT OF UNNOPPOSED MOTION FOR ORDER TO SEAL** on the interested parties in this action as follows:

**SEE CM/ECF SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 10, 2023, at Los Angeles, California.

Deanna Castellanos

CASE NO. 3:23-cv-00002
DECLARATION OF STEPHEN J. AKERLEY IN SUPPORT OF
UNNOPPOSED MOTION TO SEAL