UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| U-BLOX AG, et al, | Case No.: 23-cv-0002-CAB-AHG |
|---|---|
| Plaintiffs, | **ORDER GRANTING IN PART DEFENDANTS' MOTION TO SEAL PORTIONS OF THE COMPLAINT** |
| v. | |
| INTERDIGITAL, INC., et al, | |
| Defendants. | **[Doc. No. 21]** |

On February 10, 2023, Defendants filed an unopposed motion to seal specific portions of the complaint [Doc. No 21].[1] The Court initially denied Plaintiffs' motion to seal. [Doc. No. 15]. The present motion is narrowly tailored, only requesting to seal ten paragraphs of the complaint. For the reasons mentioned below, the motion is **GRANTED in part.**

The presumption of public access is based on the need for federal courts "to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016) (quoting *United States v. Amodeo (Amodeo II)*, 71 F.3d 1044, 1048 (2d Cir. 1995). Thus, the party

---

[1] In this motion, the Court was notified that Plaintiffs intend to file an unredacted version of the original complaint upon issuance of this order.

moving to seal bears the burden of establishing "compelling reasons" without relying on hypothesis or conjecture. *Kamakana v. City & Ctny of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006). Settlement agreements are not to be sealed merely because the parties agreed to keep the terms confidential. *UCP Int'l Co. Ltd. v. Balsam Brands Inc.*, 252 F. Supp. 3d 828, 835 (N.D. Cal. 2017). However, the Ninth Circuit has determined that compelling reasons exist to seal pricing terms, royalty rates, and guaranteed minimum payment terms of a licensing agreement. *In re Electronic Arts, Inc.*, 298 F. App'x 568 (9th Cir. 2008).

Defendants argue in the present motion that the narrowed portions of the complaint should be sealed because Defendants' competitive advantage and reputation would be harmed if that information was released to the public. Upon review of the seal lodged complaint [Doc. No. 5], the Court finds that the information contained in paragraphs 102, 114, 117-119, and 121 would allow the public to either calculate royalty rates or identify specific payment terms that might harm Defendants. Accordingly, the motion [Doc. No. 21] is hereby **GRANTED in part**.

Plaintiffs are hereby **ORDERED** to redact paragraphs 102, 114, 117-119 and 121 from the original complaint upon filing, and seal lodge the unredacted complaint.

It is **SO ORDERED**.

Dated: February 14, 2023

_____
Hon. Cathy Ann Bencivengo
United States District Judge